NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES SARNOWSKI, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 03-CV-4930 (DMC) |
| AIR BROOK LIMOUSINE, INC., : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Air Brook Limousine ("Defendant") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on all counts of the Complaint filed by James Sarnowski ("Plaintiff"). Oral Argument was heard regarding this matter on December 16, 2005. For the reasons stated below, Defendant's motion is granted.

## I. BACKGROUND

Defendant provides limousine, van and charter services. (Plaintiff's Brief in Support of its Motion to Dismiss ("Pl. Br.") at 4). Plaintiff worked for Defendant as a Service Manager and as such, he was responsible for maintenance on the vehicles. (Id.) Plaintiff claims that on or about October 25, 2002, he became "handicapped as a result of a heart condition which necessitated emergency quintuple bypass surgery." (Plaintiff's Complaint ("Pl. Compl.") ¶ 14). Plaintiff returned to work after that surgery. (Def. Br. at 5).

On April 7, 2003, Plaintiff informed his supervisor that he had more blocked arteries and

as a result, would have to continue seeing a doctor for the next six months and start wearing a heart monitor. (Pl. Compl. ¶28-29). Plaintiff alleges he was terminated on April 15, 2003, due to his disability (his heart condition). (Id.) Plaintiff alleges he was terminated in violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq., ("FMLA"), because he told his supervisor he may need a leave of absence due to his heart condition; the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 ("LAD"), because of his disability; and the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq., ("CEPA"), because he complained to his employer about bus safety regulations.

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing either (1) there is no genuine issue of fact and it must prevail as a matter of law; or (2) that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331. If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts that support each element for which he bears the burden and must establish the existence of genuine issues of material fact. Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, Fed. R. Civ. P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

### B. Family Medical Leave Act

The FMLA allows employees to take up to twelve weeks of necessary medical leave in a year without being placed in jeopardy of losing their jobs. 29 U.S.C. § 2601. The purpose of the FMLA is to "balance the demands of the workplace with the needs of families . . . by establishing a minimum labor standard for leave" that allows employees to take a "reasonable leave for medical reasons." Churchhill v. Star Enter., 183 F.3d 184, 192 (3d. Cir. 1999). In order to bring a successful claim under the FMLA, a plaintiff must show: (1) he is an eligible employee under the FMLA; (2) defendant is an employer subject to the requirements of the FMLA; (3) he was entitled to leave under the FMLA; (4) he gave notice to the defendant of his intention to take FMLA leave; and (5) the defendant denied him the benefits to which he was entitled under the FMLA. Parker v. Hahnemann Univ. Hosp., 234 F. Supp. 2d 478, 483-84 (D.N.J. 2002).

Here, Plaintiff fails to present a prima facie case because Plaintiff never officially placed a request to take a leave from work. While Plaintiff mentioned to his supervisor that he may have to take time off in the future due to his heart condition, he never officially put in a request for a leave of absence under Defendant's FMLA policy. Plaintiff had not taken a leave from work when he was fired, nor had he placed a formal request to do so. Plaintiff has failed to satisfy the requirement of establishing a prima facie case under the FMLA. Defendant's motion for summary judgment regarding Plaintiff's FMLA claims is granted.

### C. New Jersey Law Against Discrimination

The New Jersey LAD exists to ensure that all New Jersey citizens enjoy the civil rights guaranteed by the State Constitution, especially in the work place. N.J.S.A. § 10:5-2.1. Because the overarching goal of the LAD is to rid society of discrimination, the New Jersey Supreme

Court has advised courts to liberally construe its provisions.  Dale v. Boy Scouts of America, 160 N.J. 562 (1999).  Although the LAD's protections have been broadly interpreted, the LAD does not prevent an employer from terminating or changing the employment of any person the employer reasonably believes is unable to perform the duties necessary for the job.  Viscik v. Fowler Equipment Company, Inc., 173 N.J. 1, 13 (2002)

In order to receive coverage under the LAD for disparate treatment, a plaintiff must first establish a prima facie case of discrimination.  Viscik v. Fowler Equipment Company, Inc., 173 N.J. 1, 12 (2002).  The New Jersey Supreme Court has adopted the burden-shifting framework set forth by the Supreme Court of the United States in McDonnell Douglas Corp. v Green, 411 U.S. 792 (1973).  Under this framework, a plaintiff has the burden to show: (1) that he or she belongs to a protected class; (2) applied for or held a position for which he or she was objectively qualified; (3) was not hired or was terminated from that position; and (4) that the employer sought to, or did fill the position with a similarly-qualified person.  Anderson v. Exxon Co., U.S.A., 89 N.J. 483, 493 (1982).  This framework is not to be applied too rigidly and courts must adjust it to meet the particular circumstances at hand.  Viscik, 173 N.J. at 13.

Plaintiff has failed to establish a prima facie case under this framework.  First, Plaintiff has failed to demonstrate that he fits the statutory definition of "handicapped" under the LAD.  Plaintiff claims he is handicapped due to his heart surgery and his subsequent blocked arteries.  (See Pl. Compl.).  The LAD defines handicapped as an infirmity "which prevents the normal exercise of any bodily or mental functions."  N.J.S.A. 10:5-5(g).  The LAD goes on to list two categories of handicaps, physical and non-physical.  N.J.S.A. § 10:5-5(q).  A disability due to a

heart condition would be characterized as a physical handicap because it impacts a person's physical, rather than mental capabilities. Although heart disease is a physical condition, it is not one that is readily apparent because one cannot tell a person has blocked arteries from merely looking at him, as one can tell a person with a missing limb is physically handicapped. Where the existence of a plaintiff's alleged handicap is not readily apparent, the plaintiff must produce expert medical evidence indicating such a handicap exists. Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 591-93 (1988). The use and strength of objective medical testimony therefore plays a crucial role during a court's determination of whether a plaintiff is handicapped. Viscik, 173 N.J. at 16.

Plaintiff has not put forth any expert medical evidence indicating he is handicapped. Neither this Court, nor Defendant, disputes Plaintiff has heart problems. However, the fact that Plaintiff must wear a heart monitor and have heart surgery does not automatically place him in the protected class of those with disabilities. Furthermore, Plaintiff never requested an accommodation for his alleged disability. Due to Plaintiff's failure carry his burden of proving he is disabled, he cannot show that he should receive protection under the LAD. Defendant is therefore entitled to summary judgment regarding Plaintiff's LAD claims.

### D. Conscientious Employee Protection Act

When a plaintiff brings a CEPA claim, a court must "identify a statute, regulation, rule, or public policy that closely relates to the complained of conduct." Dzwonar v. McDevitt, 177 N.J. 451, 463 (2003). The plaintiff has the burden of proving he held an objectionably reasonable belief that such a violation has occurred. Id. If a plaintiff fails to carry his burden the court must

enter judgment for the defendant. Courts should look to Federal and State Constitutions, federal and state laws, administrative rules, regulations and decisions, the common law and specific judicial decisions for sources of public policy. McDougall v. Weichert, 144 N.J. 380, 391 (1996). Courts have found that plaintiffs filed valid CEPA claims when defendants have violated established public policy. Abbamont v. Piscataway Township Bd. of Ed., 138 N.J. 405, 410 (1994).

     Here, Plaintiff claims CEPA was violated because he reported violations of the Department of Transportation Regulations to Defendant. The first alleged violation he reported occurred when he notified his supervisor there was an electrical problem with one of the buses during a rainstorm. After investigating the matter, his supervisor determined a serious problem did not exist and the bus in question could continue on its route. It appears that the electrical problem dealt with the bus's lights, which again began working after one hour. Also, the bus's high beam lights never stopped working. The second violation occurred when Plaintiff reported a fifth tire on a bus was flat and both the dispatcher and bus driver determined the bus could successfully complete its trip to Atlantic City. The trip was completed and the problem was rectified.

     Plaintiff claims he was wrongfully terminated for his is whistle-blowing activity in violation of CEPA. However, this is not whistle-blowing activity protected under CEPA. CEPA prevents employers from firing employees because they are reporting the employer's illegal activity to a higher authority. Here, Plaintiff and his supervisor disagreed over the way certain mechanical bus problems should be addressed. Plaintiff has failed to articulate any clearly

mandated public policy that was violated. Therefore, CEPA is not triggered and Defendant is entitled to summary judgment regarding Plaintiff's CEPA claim.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion for summary judgment is **granted**. An appropriate Order accompanies this Opinion.

                                         S/ Dennis M. Cavanaugh
                                         Dennis M. Cavanaugh, U.S.D.J.

Date:          December 19, 2005
Original:    Clerk's Office
Cc:           All Counsel of Record
                 The Honorable Mark Falk, U.S.M.J.
                 File